FILED
VANESSA L. ARMSTRONG, CLERK
AUG 17 2015
WEST'N. DIST. KENTUCKY

AO 241
(Rev. 10/07)

5:15-CV-158-TBR

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Western |
|---|---|
| Name (under which you were convicted): Quincy Omar Cross | Docket or Case No.: 08-CR-00001-001 |
| Place of Confinement: Kentucky State Penitentiary | Prisoner No.: #156845 |
| Petitioner (include the name under which you were convicted) Quincy Omar Cross | v.   Respondent (authorized person having custody of petitioner) Warden Randy White |
| The Attorney General of the State of Kentucky | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Graves Circuit Court
   Courthouse, Box 5
   100 E. Broadway, Mayfield, Kentucky 42066

   (b) Criminal docket or case number (if you know): 07-CR-00060

2. (a) Date of the judgment of conviction (if you know) 4-09-2008

   (b) Date of sentencing: 5-21-2008

3. Length of sentence: Life without Parole

4. In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:
   1) Kidnapping-(with aggravator of murder) Life without Parole
   2) Murder-(with aggravator of Rape and Sodomy) Life without Parole
   3) Sodomy-1st degree 50 years
   4) Rape-Life
   5) Abuse of Corpse-5 years
   6) Tampering with Physical Evidence- 3 years

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty        ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty            ☐ (4) Insanity plea

AO 241 (Rev. 10/07)                                                                                     Page 2

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   Plead not guilty to all charges.

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☒ No

8. Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9. If you did appeal, answer the following:  YES

(a) Name of court: Kentucky Supreme Court

(b) Docket or case number (if you know):  2008-SC-000465

(c) Result: Affirmed

(d) Date of result (if you know):  3-18-2010

(e) Citation to the case (if you know):  2010 Ky. Lexis 140 (Ky., Mar. 18, 2010)

(f) Grounds raised: Commonwealth's "Document Dump" Prosecutorial Misconduct.
2) Jury instructions were confusing and effectively prevent a defense against double jeopardy.
3) Trial Court erred in denying his motion for directed verdict of acquittal on the capital kidnapping and first degree rape.
4) That his Sixth, Eighth and Fourteenth Amendment rights were violated when it was discovered a juror had a bible in the jury room.
5) the death penalty is a disproportional punishment for the crime of capital kidnapping and that the capital kidnapping statute is unconstitutional.
6) convictions for both kidnapping and capital murder violate double jeopardy.
7) His Eighth amendment right were violated when the jury was allowed to consider as a death penalty aggravtor for capital kidnapping.

(g) Did you seek further review by a higher state court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Name of court:  N/A

(2) Docket or case number (if you know):  N/A

(3) Result:  N/A

(4) Date of result (if you know):   N/A

AO 241
(Rev. 10/07)

Page 3

    (5) Citation to the case (if you know): N/A

    (6) Grounds raised: N/A

  (h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

    If yes, answer the following: N/A

    (1) Docket or case number (if you know): N/A

    (2) Result: N/A

    (3) Date of result (if you know): N/A

    (4) Citation to the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☒ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

  (a)  (1) Name of court: Graves Circuit Court

    (2) Docket or case number (if you know): 07-CR-060

    (3) Date of filing (if you know): 6-01-2011

    (4) Nature of the proceeding: RCr 11.42 Ineffective Assistance of Trial Counsel

    (5) Grounds raised: 1) Failure to adequately present an alternative perpetrator defense.
    2) Commonwealth's failure to prove every element of charged offense.
    3) Failure to investigate and call relevant witnesses.
    4) failure to object to hearsay evidence that did not possess indicia of reliability.
    5) Failure to object to incompetent and unreliable examination of the victim that resulted in contradictory results.
    6) Failure to object to a contaminated crime scene. Unauthorzied people in the crime scene.
    7) Evidence being withheld, taken, fabricated, and lost from crime scene such as hair found at scene.
    8) failed to present evidence and testimony from who collected, took possession of evidence.
    9) Multiple/contradictory theories to in indict and convict Petitioner.
    10) Counsel failed to obtain expert funding for trial.

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion? ☐ Yes ☒ No

    (7) Result: Denied

    (8) Date of result (if you know): 10-21-2011

AO 241 (Rev. 10/07)  Page 4

 (b) If you filed any second petition, application, or motion, give the same information: No

  (1) Name of court: N/A

  (2) Docket or case number (if you know): N/A

  (3) Date of filing (if you know): N/A

  (4) Nature of the proceeding: N/A

  (5) Grounds raised: N/A

  (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

  ☐ Yes ☒ No

  (7) Result: N/A

  (8) Date of result (if you know): N/A

 (c) If you filed any third petition, application, or motion, give the same information: No

  (1) Name of court: N/A

  (2) Docket or case number (if you know): N/A

  (3) Date of filing (if you know): N/A

  (4) Nature of the proceeding: N/A

  (5) Grounds raised: N/A

AO 241 (Rev. 10/07)                                                                                              Page 5

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☒ No

    (7) Result:    N/A

    (8) Date of result (if you know):    N/A

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion? YES

    (1) First petition:    ☒ Yes    ☐ No

    (2) Second petition:    ☐ Yes    ☒ No

    (3) Third petition:    ☐ Yes    ☒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** Commonwealth of Kentucky's Document Dump approach to Discovery constituted Prosecutorial misconduct.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
```
Document Dump- 60.000 pages of documents
               200 Disks
               500 Documents -mostly duplicates of documents
               All done because of time factor.
```

(b) If you did not exhaust your state remedies on Ground One, explain why:
    Exhausted to highest State Court of Kentucky (Supreme Court)

AO 241 (Rev. 10/07)

Page 6

    (c)    **Direct Appeal of Ground One:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes  ☐ No

        (2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes    ☒ No

    (2) If your answer to Question (d)(1) is "Yes," state: N/A

    Type of motion or petition: N/A

    Name and location of the court where the motion or petition was filed: N/A

    Docket or case number (if you know): N/A

    Date of the court's decision: N/A

    Result (attach a copy of the court's opinion or order, if available): N/A

    (3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

    (4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state: N/A

    Name and location of the court where the appeal was filed: N/A

    Docket or case number (if you know): N/A

    Date of the court's decision: N/A

    Result (attach a copy of the court's opinion or order, if available): N/A

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
    All Direct Appeal Issues cannot be raised on RCr 11.42 motion post-conviction.

AO 241 (Rev. 10/07)

Page 7

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: N/A

**GROUND TWO:** Confusing jury instructions violated defendents rights to due process.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Jury instructions were confusing and incomprehensible.
Suggesting that defendent could be found guilty if they believed he acted alone, if he was the principle actor with accomplice's, or he was the accomplice, Who was actually guilty of what.
Jury instructions put Defendent at risk for successive prosecutions in violation of Due Process.
Jurors were never instructed on how to apply the definition of Accomplice.

(b) If you did not exhaust your state remedies on Ground Two, explain why:
Exhusted all state Remedies.

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☒ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☒ No

(2) If your answer to Question (d)(1) is "Yes," state: N/A

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

AO 241                                                                                                                               Page 8
(Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No
(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☒ No
(6) If your answer to Question (d)(4) is "Yes," state: N/A

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
Issues raised on Direct Appeal cannot be raised in RCr 11.42.

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two   N/A

**GROUND THREE:** Commonwealth failed to meet burden and present sufficient evidence to prove that Defendent committed capital murder, Kidnapping, 1st degree Rape, Trail Court error by denying Directed Verdict in violation of Petitioner's Due Process.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defendent's alleged conduct if guilty would have fell within Kidnapping exception Statue, conflicting accounts of facts by Vinisha and Victoria, Commonwealth failed to prove Defendent Raped Jessica, Commonwealth failed to prove First Degree Rape and was not legally valid aggravator.

(b) If you did not exhaust your state remedies on Ground Three, explain why?

Exhausted all state Remedies.

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:  N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:   N/A

Type of motion or petition:  N/A

Name and location of the court where the motion or petition was filed:  N/A

Docket or case number (if you know):  N/A

Date of the court's decision:  N/A

Result (attach a copy of the court's opinion or order, if available):  N/A

(3) Did you receive a hearing on your motion or petition?  ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes   ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes   ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:  N/A

Name and location of the court where the appeal was filed:  N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

AO 241 (Rev. 10/07)

Page 10

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Issues raised on Direct Appeal cannot be raised in an RCr 11.42 Motion.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: N/A

**GROUND FOUR:** Jurors consulted a Bible during penalty phase deliberations. Trial Court erred by denying defendant's motion for a mistrial.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Jurors took a Bible into the jury room for deliberations and being instructed that the only thing that you are to consider are the exhibits and evidence that's been presented. A Bible was not allowed into the jury room at all. Only the Exhibits and evidence presented at trial.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

Exhausted all state remedies on this issue.

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:   N/A

Type of motion or petition: N/A

AO 241 (Rev. 10/07)

Page 11

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☒ No

(6) If your answer to Question (d)(4) is "Yes," state: N/A

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Issued raised in Direct Appeal cannot be raised in an RCr 11.42 motion.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

N/A

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes ☐ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: N/A

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them: YES

```
1) Actual innocence on newly obtained evidence after Direct Appeal and RCr 11.42
   was filed. Deposition of Commonwealth's witness Vanisha Stubblefield about
   the lies and money the Commonwealth has paid to Victoria and the testimony that
   the KBI made Vanisha testify to at trial.
2) Ineffective assistants of Post Conviction Counsel for not requesting a hearing
   concerning the truthfulness of Vanisha's statements, before trial.
```

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. N/A

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised. N/A

AO 241 (Rev. 10/07)  Page 13

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial: Vincent P. Yustas and Jill Giordano
C/O Residence Inn
3900 Coleman Crossing Circle
Paducah, Kentucky 42001

(d) At sentencing: Vincent P. Yustas and Jill H. Giordano
Same as Above

(e) On appeal: James J. Drake
Assistant Public Advocate
Department of Public Advocacy, 100 Fair Oaks Lane, Suite 302,
Frankfort, Kentucky 40601

(f) In any post-conviction proceeding:
None

(g) On appeal from any ruling against you in a post-conviction proceeding:
None

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:
N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

I am within the one year Time limitation and I am also filing this Petition under actual innocence based on newly discovered evidence after my Direct Appeal and RCr 11.42 was filed in State Court, and under Ineffective Assistants of Post Conviction Counsel.

AO 241 (Rev. 10/07)                                                                                      Page 14

Dated of Conviction   5-21-2008

Date of Direct Appeal Denial   11-25-2009

Date of Modified and Rehearing Denial   3-18-2010

Date of RCr 11.42 filed   6-01-2011

Date of RCr 11.42 Denial From Circuit Court   10-21-2011

Date Appealed RCr 11.42 to Kentucky Court of Appeals and Denied   2-07-2014

Date of Discretionary Reviewed filed   3-04-2014

Date Discretionary Review was Denied   5-06-2015

Date filed for Appointment of Counsel to file Federal Habeas Corpus and denial of Counsel to file Federal Habeas Corpus on 7-16-2015

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 10/07)

Page 15

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: To Vacate judgment and Sentence imposed by the Graves County Circuit Court on all Counts that the Petitioner was convicted of.

or any other relief to which petitioner may be entitled.

_____N/A_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on  8/13/2015  (month, date, year).

Executed (signed) on  8/13/2015  (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

James Clemons #172559 D-4-CL-08
Eastern Kentucky Correctional Complex
200 Road To Justice
West Liberty, Kentucky 41472



EKCC Inmate Mail
Not Responsible for Content

**FILED**
VANESSA L. ARMSTRONG, CLERK
AUG 17 2015
WEST'N. DIST. KENTUCKY

Western District of Kentucky
United States District Court Clerk
Kelly P. Harris, Deputy-in-Charge
Federal Bldg., 501 Broadway, Suite 127
Paducah, Kentucky 42001-6801

EKCC
AUG 13 2015
LEGAL MAIL