UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**QUINCY OMAR CROSS**

v.                                                                                                     No. 5:15-cv-158

**CRAIG HUGHES**

\* \* \* \* \*

### OPINION & ORDER DENYING RECONSIDERATION AND TRANSFERRING TO THE COURT OF APPEALS

Quincy Omar Cross has asked this Court to "revisit" its 2022 denial of his petition for a writ of habeas corpus. That petition, filed under 28 U.S.C. § 2254, challenged Cross's 2008 conviction for the kidnapping, rape, and murder of Jessica Currin. In support of habeas relief, Cross advanced claims of due-process violations, actual innocence, and ineffective assistance of counsel. This Court's 2022 opinion, which sets out the history of this litigation in far greater detail, held that Cross's claims failed both procedurally (because they were defaulted and in some respects not proper habeas claims) and substantively (because the issues Cross raised in federal court had been reasonably adjudicated by state courts). *See generally* Habeas Opinion (DN 70).

Now Cross seeks reconsideration of that denial based on newly discovered evidence (including allegedly concealed exculpatory documents) and arguments that both trial and habeas counsel were ineffective. *See* Motion for Relief (DN 72) at 16, 20, 21, 24. Even though Cross styles his motion as a request for reconsideration under Federal Rule 60(b)(6), his arguments do not actually identify flaws in the previous ruling that this Court could revisit and correct. Rather, the motion asserts new claims for relief that amount to a second or successive request for habeas relief. *See Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). And Congress, in the Antiterrorism and Effective Death Penalty Act of 1996, routed all such claims to the Court of Appeals, rather than the District Court, in the first instance: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Given AEDPA's procedural requirement, which Cross's motion would circumvent, the Court lacks jurisdiction to address the motion's merits and accordingly transfers this motion to the Sixth Circuit Court of Appeals. *See* 28 U.S.C. § 1631.

\*

In a typical civil case, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez*, 545 U.S. at 528. But the Federal Rules of Civil Procedure apply to habeas petitions "only to the extent that [they are] not inconsistent with applicable federal statutory provisions and rules"—in this case § 2244(b). *Id.* at 529 (cleaned up) (citing Rule 11 of the Rules Governing Section 2254 Cases). And the Supreme Court in *Gonzalez* explained that consideration of a Rule 60(b) motion that "attacks the federal court's previous resolution of a [habeas] claim *on the merits*" would "impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." *Id.* at 531–32 (citing 28 U.S.C. § 2244(b)(3)) (emphasis in original).

The *Gonzalez* opinion described those requirements, which circumscribe the actions this Court may take in response to a Rule 60(b) motion:

> The relevant provisions of the AEDPA-amended habeas statutes, 28 U. S. C. §§ 2244(b)(1)–(3), impose three requirements on second or successive habeas petitions: First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).

*Id.* at 529–30. A Rule 60(b) motion following a habeas denial, therefore, might circumvent AEDPA's specific procedural pathways. For a court confronting such a request, the "threshold inquiry is whether [a petitioner's] Rule 60(b) motion is a 'true' Rule 60(b) motion or simply a 'second or successive' habeas application cloaked in Rule 60(b) garb." *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing *Gonzalez*, 545 U.S. at 531).

That turns on whether Cross's motion presents an "'application' for habeas relief"—that is, "a filing that contains one or more 'claims.'" *Gonzalez*, 545 U.S. at 530 (citing § 2244(b)). A "'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction," including one that "seeks to add a new ground for relief" or that "attacks the federal court's previous resolution of a claim on the merits." *Id.* at 530. So a district court may not consider a Rule 60(b) motion that "seeks to present 'new evidence in support of a claim already litigated'" because such a motion must be treated as a "second or successive" habeas application. *Moreland v. Robinson*, 813 F.3d 315, 323 (6th Cir. 2016).

2

A "true" Rule 60(b) motion, on the other hand, attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. In other words, the Court may consider a petition that "challenges only the District Court's failure to reach the merits," but may not consider one that "assert[s], or reassert[s], claims of error in the movant's state conviction." *Id.* at 538. The Supreme Court held that the Rule 60(b) motion at issue in *Gonzalez*, for example, was *not* successive because it challenged the district court's misapplication of a federal statute of limitations—a "defect" in the federal habeas proceedings rather than a "basis for relief" from the state court's conviction. *Id.* at 532. The motion properly offered the district court a way to reconsider its own purported error regarding the initial application, not a successive application that Congress routed to the appellate court. *Id.* at 535–36. "A movant is not making a habeas claim when he seeks only to lift the procedural bars that prevented adjudication of certain claims on the merits," the Supreme Court explained. "But he *is* making a habeas claim when he seeks to add a new ground for relief or seeks to present 'new evidence in support of a claim already litigated.'" *Moreland*, 813 F.3d at 322–23 (quoting *Gonzalez*, 545 U.S. at 531–32).

\*\*

Cross returns to this Court based on "new evidence of actual innocence" that he contends "has come to light" since the denial of his habeas petition. He now asks the Court to: "(1) revisit the claim [for habeas] by relying on the new evidence to reopen proceedings under Rule 60(b); (2) to then separately decide whether actual innocence excuses the default; and (3) to then decide the merits and grant habeas relief." Motion for Relief at 2.

Cross first raises evidence he describes as newly discovered. The evidence in question consists primarily of the emails of Susan Galbreath, a citizen-turned-investigator who worked closely with police and a foreign journalist to examine the circumstances of Jessica Currin's death.[†] Cross alleges that the Galbreath emails demonstrate that she exerted inappropriate influence over the investigation and steered law enforcement away from other suspects whom Galbreath had an interest in protecting. The police, Cross maintains, engaged in misconduct, including by telling Galbreath to conceal from Cross's defense counsel evidence she had gathered and shared with law enforcement. Motion for Relief at 21–22. He argues that this evidence demonstrates that the Commonwealth knew that much of the testimony presented against Cross at trial was incomplete, untrue, or unreliable—yet the

---

[†] The Galbreath emails were turned over to the Kentucky Innocence Project in December 2022 (after this Court's habeas ruling) by a British television production company. That company discovered the messages in connection to their work with Tom Mangold, the journalist with whom Galbreath worked closely on the Currin investigation. Motion for Relief at 11–12.

3

prosecution did not disclose that to the defense. *Id*. This new evidence, according to Cross, adds up to state misconduct in violation of his due-process rights. *Id*.

Cross also asks this Court to revisit the question of ineffective assistance by both trial and habeas counsel. He argues that no court has yet to "fully review" trial counsel's ineffectiveness in investigating and cross-examining witnesses. Had trial counsel conducted a proper investigation, reviewed all the disclosed records, and prepared a thorough trial plan, he surmises, evidence of the state's misconduct and the witnesses' unreliability would have been evident at trial. *Id*. at 16–20. The newly discovered emails, in his eyes, amply justify reassessing the earlier habeas denial based on ineffectiveness. *Id*. at 16-20. Cross further argues that his federal habeas counsel failed to thoroughly review earlier proceedings or available materials to "presen[t] this Court with ample evidence in support of Mr. Cross' petition." *Id*. at 24–25. According to him, habeas counsel "filed minimal motions," failed to file a supplemental petition after the stay lifted, and didn't present additional evidence after the state-court proceedings. *Id*. Diligent counsel, he urges, would have presented this Court with ample evidence to support his actual-innocence, ineffective-assistance, and due-process claims. *Id*.

***

Cross's new-evidence argument is precisely the type of Rule 60(b) argument that *Gonzalez* and other precedents categorize as a habeas application, not a proper request for reconsideration. A "second or successive" habeas application "seeks to present 'new evidence in support of a claim already litigated.'" *Moreland*, 813 F.3d at 323. So when Cross states that "the primary reason [he] seeks relief here is a direct result of the state court's prior refusals to allow him to develop the evidence he offers as part of his Rule 60(b) motion," Motion for Relief at 27, he is really asking for another chance for this Court to review evidence in support of habeas relief. But whether that evidence arrived in support of Cross's initial habeas application or in a subsequent application is a point of great significance under the scheme enacted by Congress. The newly discovered evidence Cross presents offers a new basis for invalidating his prior conviction—reasons that did not arrive in his initial application. So this Court may not evaluate whether the new evidence supplies sufficient grounds for relief in the first instance. A second habeas petition, like this one, must be precertified by the Sixth Circuit under § 2244(b)(3)(A).

Cross asserts that this is a "classic case of an appropriate Rule 60(b) motion in a habeas case" because "this Court never addressed [Cross's actual-innocence claim] on its constitutional merits." Motion for Relief at 13. This is wrong for three main reasons. First, to the extent the actual-innocence claim rests on new evidence, it is a second habeas application that the Court (properly) didn't address. Second, to the extent the claim rests on information previously before the Court and rejected on the basis of procedural default, Cross is mistaken: the 2022 Habeas Opinion rested its procedural-default ruling on the petitioner's "fail[ure] to raise the claim on direct appeal [or] ma[k]e a showing of cause and prejudice for that failure." *Henderson v.*

4

*Smith*, No. 3:16-cv-567, 2019 WL 12631694, at *3 (W.D. Ky. Feb. 11, 2019). That is a decision "on the merits," *id*. (*see* Habeas Opinion at 12–17), while a dismissal "'without prejudice' for failure to exhaust state remedies" is not (*see* Habeas Opinion at 10 (discussing stay of 2015 petition)). *Id*. (quoting *Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002) ("[W]hen a prior petition is denied because the claim raised is procedurally defaulted … the denial is 'on the merits,' rendering a subsequently filed petition 'second or successive.'")). Third, the Court's prior opinion offered an alternative and sufficient basis for rejecting Cross's position that is indisputably "on the merits." The opinion explained at length that Kentucky state courts had ruled reasonably on the merits of each of Cross's claims. Habeas Opinion at 17–21. Because this argument attacks the federal court's prior decision on the merits, the motion amounts to a successive habeas application rather than a true request for reconsideration. *See Gonzalez*, 545 U.S. at 531–32.

The Court is equally powerless to consider Cross's claims for ineffective assistance of counsel. Cross argues that no court has adequately reviewed his lawyer's failure to investigate key issues ahead of and during trial. Motion for Relief at 16–20. But this is either a new claim for relief (to the extent it rests on newly discovered evidence) or a claim that has already been adjudicated on the merits (to the extent it calls into question this Court's prior opinion denying the request for relief based on ineffective assistance). The 2022 habeas opinion expressly rejected relief on this basis given the state courts' reasonable adjudication of these arguments. Habeas Opinion at 20. And Cross's argument based on ineffective assistance of *habeas* counsel, Motion for Relief at 24–25, fails because AEDPA "expressly bars relief grounded on claims of incompetent or ineffective counsel in federal post-conviction proceedings." *Post v. Bradshaw*, 422 F.3d 419, 423 (6th Cir. 2005). "[A]n attack based on … habeas counsel's omissions … ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Gonzalez*, 545 U.S. at 532 n.5.

The Rule 60(b) motion at issue in *Gonzalez*, by contrast, properly asked the trial court to reconsider its own purported error. This request was *not* a successive application because it challenged the misapplication of a federal statute of limitations. Unlike *Gonzalez*, however, Cross has not argued that this Court procedurally erred in its previous ruling. Instead he points to new evidence that, in his view, would have led to a different outcome had the expanded record been before the Court. Almost by definition, that is a new habeas request, not a reason the Court previously erred—back before it knew of the information Cross says is dispositive. A motion that "asks for a second chance to have the merits determined favorably" amounts to a new "claim" under AEDPA that requires precertification. *Gonzalez*, 545 U.S. at 531–32.

## CONCLUSION

The Court construes Cross's motion for relief from judgment (DN 72) as a second or successive habeas petition under 28 U.S.C. § 2244(b)(3)(A) and transfers it to the Sixth Circuit Court of Appeals under 28 U.S.C. § 1631.

Benjamin Beaton, District Judge
United States District Court

March 27, 2024