No. 24-5287

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 14, 2024
KELLY L. STEPHENS, Clerk

In re: QUINCY OMAR CROSS,

    Movant.

O R D E R

Before: BOGGS, WHITE, and RITZ, Circuit Judges.

Quincy Omar Cross, a Kentucky prisoner proceeding through counsel, moves for an order authorizing the district court to consider a second or successive 28 U.S.C. § 2254 habeas corpus petition. He primarily argues, however, that his Federal Rule of Civil Procedure 60(b)(6) motion should not have been transferred to this court as second or successive, and he moves to remand the matter to the district court on that basis. For the reasons set forth below, we grant his motion to remand.

In August 2000, the burned and decomposed body of Jessica Currin was found on the grounds of a middle school in Mayfield, Kentucky. *Cross v. Commonwealth*, No. 2008-SC-000465-MR, 2009 WL 4251649, at *1 (Ky. Nov. 25, 2009). Cross was a suspect in the murder, but two other individuals, Jeremy Adams and Carlos Saxton, were initially indicted. *Id.* In 2003, those indictments were dismissed due to discovery violations by the Mayfield Police Department. *Id.* And in 2005, two witnesses who had been previously interviewed by the police, Victoria Caldwell and Vinisha Stubblefield, changed their stories and pointed the finger at Cross. *Id.*

Cross was arrested and charged with capital kidnapping, capital murder, first-degree sodomy, first-degree rape, abuse of a corpse, and tampering with physical evidence. At trial, Caldwell and Stubblefield were the prosecution's primary witnesses. *Id.* at *2. The jury found Cross guilty of all charges. *Id.* at *1. He was sentenced to life imprisonment without the possibility of parole. *Id.* The Kentucky Supreme Court affirmed the trial court's judgment. *Id.*

In 2015, Cross filed a pro se § 2254 petition in the district court. He raised the same due-process and ineffective-assistance-of-counsel claims that he had raised in the state courts and also asserted a claim of actual innocence based on new evidence. Cross relied on evidence provided to him by Dale Elliot, an investigator with the Kentucky Innocence Project. Elliot signed an affidavit stating that Caldwell recanted her testimony to him and told him that the State had coerced her into providing false testimony against Cross. Elliot further attested that the physical evidence did not align with the government's version of events and that another State witness, Rosie Crice, had also recanted her testimony against Cross. Stubblefield also told Elliot that the State had coerced her into testifying falsely against Cross. And the victim's father, Joe Currin, signed an affidavit expressing his belief that Cross was wrongly convicted. He believed that the State adopted the scenarios put forth by Susan Galbreath, a local citizen who conducted her own investigation of the murder and who had an interest in clearing Jeremy Adams and receiving reward money.

Because Cross had not exhausted his actual-innocence claim in the state courts, the district court held the § 2254 petition in abeyance pending exhaustion of Cross's state court remedies. Cross returned to state court and filed a post-conviction motion under Kentucky Rule of Civil Procedure 60.02. After the trial court's denial of the motion was affirmed on appeal, *see Cross v. Commonwealth*, No. 2017-CA-000211-MR, 2018 WL 3814615, at *4 (Ky. Ct. App. Aug. 10, 2018), Cross, now proceeding through counsel, returned to district court and filed a supplemental petition reasserting his claim of actual innocence. At no point—in either the state courts or the district court—did Cross ground his actual-innocence claim on any underlying constitutional claim. He stated only that "[s]everal key witnesses at the trial have subsequently recanted their trial testimony as well as implicating law enforcement in unduly pressuring them to testify against [him]."

The district court denied Cross's petition. With respect to Cross's claim of actual innocence, the court explained that, to the extent Cross raised a freestanding actual-innocence claim, it was not cognizable on habeas review. The court, however, also considered whether Cross's actual-innocence claim could be construed as a claim that the State violated his right to

due process by knowingly using perjured testimony to obtain his conviction. The court held that any such claim was procedurally defaulted because Cross had not fairly presented that due-process claim to the state courts. Finding that Cross could not show cause and prejudice to overcome the procedural default, the court considered whether Cross's actual-innocence claim could serve as a gateway allowing him to raise his due-process claim for the first time. But it rejected that possibility, explaining that Cross knew about and presented the new evidence to the state court, so it could not be considered newly discovered for purposes of overcoming the procedural default of the due-process claim. The court further concluded that the state appellate court reasonably decided that Cross's new evidence would have had only a minimal impact on his case.

One year later, Cross, through new counsel, filed a motion for relief from judgment, pursuant to Rule 60(b)(6). Cross sought relief "in the form of reopening habeas proceedings to revisit the due process/state misconduct claim that th[e] [c]ourt previously found procedurally defaulted and not excused by actual innocence." Cross explained that, after the district court denied his § 2254 petition, counsel had received new evidence showing that the State had knowingly used false testimony at trial. In December 2022, a British media company contacted Cross's attorneys to let them know that they had received email communications between Galbreath—the local citizen who had privately investigated the case beginning in 2004—and Tom Mangold, a British journalist with whom Galbreath had worked. These emails were in "a database Mangold kept from his time working on media productions related to the Currin case." According to Cross, "[t]hese emails are the proof that Galbreath intervened in the investigation, directing law enforcement away from the initial indicted perpetrator, Jeremy Adams, and assisted in fabricating evidence against Mr. Cross." Cross argued that these emails, along with other evidence of the State's knowing use of false testimony and payments made to Caldwell for her testimony, "provide sufficient evidence of actual innocence that could excuse the default and thus [e]stablish that the judgment should be reopened, in order for th[e] [c]ourt to assess anew whether the default should be excused and habeas relief granted [on] the due process/state misconduct claim." In addition to the newly discovered evidence, Cross cited other "extraordinary circumstances" that warranted

reopening the case under Rule 60(b)(6), including that (1) trial counsel failed to adequately investigate the case, (2) the court's analysis of whether actual innocence could excuse the procedural default was based on an incomplete record due to the State's failure to disclose Galbreath's emails, (3) previous habeas counsel failed to investigate, (4) manifest injustice would result if his claim was not heard, and (5) his claim was strong.

The district court construed Cross's Rule 60(b)(6) motion as a second or successive § 2254 petition and transferred it to this court for consideration of whether to authorize the filing of a second or successive petition under 28 U.S.C. § 2244(b). The court found that Cross's motion "attacks the federal court's prior decision on the merits" and is therefore "a successive habeas application rather than a true request for reconsideration."

Cross now moves for a remand, arguing that the district court erroneously construed his Rule 60(b)(6) motion as a second or successive § 2254 petition. He asserts that, because he seeks to reopen a claim that was denied on procedural grounds and "to attack defects in the federal proceedings," his motion is properly brought under Rule 60(b)(6) and should not have been transferred to this court. At this court's direction, Cross has also filed a corrected motion for an order authorizing the district court to consider a second or successive § 2254 petition.

When presented with a transfer order stemming from a Rule 60(b) motion in a § 2254 proceeding, we must first determine whether the transfer was necessary or appropriate. *See Howard v. United States*, 533 F.3d 472, 474 (6th Cir. 2008). A Rule 60(b) motion must be treated as a second or successive habeas petition if it "attacks the federal court's previous resolution of a claim *on the merits*," asserts that there has been a change in substantive law governing the claim, or "seeks to add a new ground for relief." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). If a Rule 60(b) motion asserts, or reasserts, claims of error in the underlying state conviction, it must be treated as a second or successive petition. *See id.* at 538. A Rule 60(b) motion is not considered a second or successive habeas petition where the petitioner "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as

failure to exhaust, *procedural default*, or statute-of-limitations bar." *Id.* at 532 n.4 (emphasis added).

Cross's Rule 60(b)(6) motion did not attack a merits-based determination by the district court. Although he raised a freestanding actual-innocence claim in his § 2254 petition, he did not seek to relitigate that claim in his Rule 60(b)(6) motion. Instead, Cross sought to use the new evidence of Galbreath's emails to argue that his actual innocence should allow him to overcome the procedural default of his due-process claim. In its transfer order, the district court reasoned that Cross's new evidence "offers a new basis for invalidating his prior conviction—reasons that did not arrive in his initial application." Although that may be true, Cross did not present this new evidence to raise a new claim attacking his conviction. Indeed, the evidence also presents a new basis for arguing that Cross has made a sufficient showing of actual innocence to overcome the procedural default of his due-process claim. And this was the premise of Cross's motion. The district court further reasoned that its "prior opinion offered an alternative and sufficient basis for rejecting Cross's position that is indisputably 'on the merits,'" noting that it "explained at length that Kentucky state courts had ruled reasonably on the merits of each of Cross's claims." But that only applies to Cross's freestanding actual-innocence claim and his other exhausted claims. The district court held that the state appellate court reasonably rejected Cross's actual-innocence claim, but the district court did not consider the merits of Cross's due-process claim. Because Cross limited his Rule 60(b)(6) motion to an attack on the district court's ruling that his due-process claim was procedurally defaulted, the district court erred by transferring his motion to this court as a second or successive habeas petition. *See id.*; *In re Gibbs*, No. 07-3956, 2008 WL 2944699, at *2 (6th Cir. July 24, 2008) (remanding a transferred Rule 60(b) motion to the district court for further proceedings on movant's challenge to the district court's procedural default ruling).

The district court also reasoned that it was "powerless" to consider Cross's arguments about counsel's ineffectiveness because they amounted to either a new claim for relief based on new evidence or a claim that had already been adjudicated on the merits. But Cross did not present his ineffective-assistance claim as a new claim based on newly discovered evidence. Nor did he

ask the court to reconsider his previously raised ineffective-assistance claim based on the new evidence of Galbreath's emails. Rather, Cross argued the merits of his ineffective-assistance claim in an effort to show that denying reopening would present a risk of injustice to him and a risk of undermining the public's confidence in the judicial process. *See In re West*, 103 F.4th 417, 419-20 (6th Cir. 2024) (noting that courts may consider a wide range of factors in determining whether extraordinary circumstances warrant reopening under Rule 60(b)(6)). In presenting this argument, Cross argued that "[t]he first extraordinary factor that undermines public confidence in the judicial process and creates a risk of injustice to the parties is that Mr. Cross has been sentenced to life without the possibility of parole, to never walk out of prison alive, without any court having properly reviewed the adequacy of trial counsel's investigation." Although he addressed the merits of the ineffective-assistance claim, Cross expressly asked the court to reopen the proceedings only "to revisit the due process/state misconduct claim that this Court previously found procedurally defaulted and not excused by actual innocence." Indeed, in his motion to authorize the filing of a second or successive § 2254 petition, Cross does not propose to raise an ineffective-assistance claim.

For these reasons, we **GRANT** Cross's motion to remand his Rule 60(b) motion to the district court and **DENY** his motion for an order authorizing the district court to consider a second or successive § 2254 petition as unnecessary.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk